**Sandra KELLUM et al., Plaintiffs,**

v.

**Wayne STANTON et al., Defendants.**

**No. H 73–59.**

United States District Court,
N. D. Indiana,
Hammond Division.

May 6, 1982.

Ivan E. Bodensteiner, Myrna Hart, Valparaiso University School of Law, Valparaiso, Ind., for plaintiffs.

Linley E. Pearson, Atty. Gen. of Indiana, Indianapolis, Ind., for defendants.

## MEMORANDUM OF DECISION AND ORDER

SHARP, Chief Judge.

This case is presently before the court on plaintiffs' Motion for Summary Judgment filed January 10, 1974, plaintiffs' renewed Motion for Summary Judgment filed November 10, 1975, and defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment filed October 7, 1975. This case involves a matter of statutory construction and does not involve any issues of fact. The issues have been fully briefed by the parties and the matter is properly before the court pursuant to Rule 56.

This action was filed on March 6, 1973 challenging the validity of the 1971 Indiana Blind Assistance Statute, I.C. 1971, 12–1–6–1, and relevant state regulations insofar as they denied assistance to children under the age of 18 in violation of the Fourteenth Amendment, the Social Security Act and regulations promulgated pursuant thereto. On August 14, 1973, a three judge court certified a class consisting of:

all needy persons who are residents of Indiana and otherwise eligible for Blind Assistance whose benefits have been denied on the basis of Indiana's 18 year age requirement in its statute and regulations,

and remanded the case to a single judge court for a determination of the statutory claim.

Effective January 1, 1974, the Social Security Administration assumed responsibility for monetary assistance to the blind under 42 U.S.C. § 1381 et seq. which created the Supplemental Security Income program (SSI). However, any state which desired continued federal reimbursement for medical assistance was required to supplement the SSI payment to anyone receiving Blind Assistance in December 1973 whose income would otherwise be reduced as a result of the changeover to SSI. 42 U.S.C. § 1382.

Consequently, Indiana amended I.C. 12–1–6–1 to provide for such State Supplemental Assistance (SSA) to the blind, but retained the challenged age requirement. The state also revised its medical assistance statute, I.C. 12–1–7–15, but continued to exclude all blind persons under the age of 18 from coverage on the basis of the past and amended provisions of I.C. 12–1–16–1.

In 1978 Indiana repealed I.C. 12–1–7–15 and replaced it with I.C. 12–1–7–14.9 which eliminated the 18 year age requirement for medical assistance to the blind. The present statute and regulations, however, operate to bar persons under the age of 18 from receiving benefits under the SSA program pursuant to I.C. 12–1–6–1. The plaintiffs maintain that defendants exclusion of assistance to blind persons under the age of 18 violates the Social Security Act and is

therefore invalid under the Supremacy Clause of the Constitution of the United States. The defendants maintain that the statutes creating the SSI program and regulations promulgated pursuant thereto contain no provision that prohibits the state from denying benefits to blind persons under the age of 18.

The Federal Social Security Act, 42 U.S.C. § 1202(a)(11) provides that each state participating in the Blind Assistance program must furnish aid to the blind "with reasonable promptness to all eligible individuals." The defendants maintain that the phrase "all eligible individuals" does not require Indiana to provide blind assistance to all blind individuals regardless of age, but rather, that Indiana could provide more limited coverage than that provided by the Social Security Act. The defendants contend that the legislative history of the Social Security Act and the HEW regulations interpreting the statute that provides for the Blind Assistance program supports Indiana's statute and regulations limiting eligibility for blind assistance to persons over 18 years of age.

The Supreme Court of the United States has rendered several decisions concerning eligibility for various programs under the Social Security Act. Although the decisions were based on other sections of the Social Security Act, each of those sections contains the language "all eligible individuals." Therefore, those decisions provide guidance in interpreting the section concerning eligibility for blind assistance.

In *Townsend v. Swank,* 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971), the Supreme Court of the United States held that Illinois welfare statute and regulations which granted AFDC benefits to 18–20 year old persons in high school or vocational schools while denying those benefits to 18–20 year old persons attending colleges or universities, violated 42 U.S.C. § 606(a)(2)(B) and 42 U.S.C. § 602(a)(10). Section 606(a)(2)(B) provides AFDC assistance for a person "under the age of twenty-one and a student regularly attending a school, college, or university or regularly

attending a course of vocational or technical training designed to fit him for gainful employment." Since § 602(a)(10) required that aid be furnished to "all eligible individuals" the court therefore held that the Illinois statutes violated the Supremacy Clause. In *Townsend*, the court rejected HEW's view that 42 U.S.C. § 606 only prescribed the outer limits of federal matching and the federal agencies' position that it would be permissible for a state to exclude persons otherwise eligible under the Social Security Act. The test enunciated by the court was:

> (thus) *King v. Smith* [392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118] establishes that, at least in the absence of congressional authorization for the exclusion clearly evidenced from the Social Security Act or its legislative history, a state eligibility standard that excludes persons eligible for assistance under federal AFDC standards violates the Social Security Act and is therefore invalid under the Supremacy Clause.

Any doubts as to the scope of the Supremacy Clause in welfare matters were explicitly resolved in *Carleson v. Remillard*, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972). Here the issue was the validity of a California regulation which denied AFDC benefits to children whose fathers were absent from the home because of military obligations. HEW argued in their amicus brief that *Carleson* was not controlled by *Townsend* because in *Townsend* the "eligible individuals" were clearly defined in the Act, whereas in *Carleson* the Act itself did not define the meaning of "continued absence." Section 606(a)(1) merely defines a "dependent child" as a needy child "who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent . . . ."

Although § 606(a)(1) did not specifically define the meaning of "absence," the Supreme Court of the United States rejected the HEW view after examining the Act's history and purpose. Since the court found "no congressional authorization for the exclusion of these so-called military orphans from AFDC benefits," the California statute was held to be invalid, *Carleson*, supra, at 604, and HEW Regulation, 45 C.F.R. § 233.90, defining "con't absence" was upheld as mandatory in the face of the federal agency's assertion that its regulations were merely optional.

In *Burns v. Alcala*, 420 U.S. 575, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975), the Supreme Court of the United States clarified their decisions in *King, Townsend* and *Carleson*, stating that those cases "establish only that once the federal standard of eligibility is defined, a participating state may not deny aid to persons who come within it in the absence of a clear indication that Congress meant the coverage to be optional. The method of analysis used to define the federal standard of eligibility is no different from that used in solving any other problem of statutory construction." 420 U.S. at 580, 95 S.Ct. at 1184.

The Supreme Court of the United States reaffirmed their continued use of the *Townsend* doctrine in *Miller v. Youakim*, 440 U.S. 125, 99 S.Ct. 957, 59 L.Ed.2d 194 (1979). In *Miller*, the Supreme Court specifically stated that:

> A participating state may not deny assistance to persons who meet eligibility standards defined in the Social Security Act unless Congress clearly has indicated that the standards are permissive.

In reaching its decision, the *Miller* court emphasized that the goals of the particular statute are important in determining Congress' intent for eligibility and thus the courts should look at the language and legislative history to determine that intent. The court also noted that interpretations of HEW are entitled to considerable deference. Thus, eligibility for blind assistance must be determined by federal standards unless evidence of a contrary congressional intent is clearly shown for the particular exclusion.

The foregoing analysis clearly indicates that any state exclusion of otherwise eligible applicants must meet the Supreme Court test if the regulation is to survive.

This analysis applies equally to those cases where eligible individuals are clearly defined in the Social Security Act or where the Act does not define the meaning of the eligibility requirement but HEW regulations fill the gap. In the present case, the age requirement for blind assistance benefits is not clearly set forth in the Social Security Act; however, under the *King-Townsend-Carleson* test, in such a situation the court must first look to the HEW federal regulations to see if HEW has provided payments to individuals that the state is attempting to exclude. If HEW is providing such payments, the court must then examine the definition of eligibility to determine whether it is consistent with the Act and its purposes. In the "absence of congressional authorization for the exclusion clearly evidenced from the Social Security Act or its legislative history," the state must grant aid to all persons eligible under such federal standards.

During all relevant times, the HEW regulations interpreting and implementing the Blind Assistance program provided that federal financial participation was available for financial assistance provided to eligible persons of any age. 45 C.F.R. § 233.-30(b)(1)(iii). Further, the HEW *Handbook of Public Assistance Administration* supports the regulations regarding eligibility for blind assistance of persons of any age. Part IV § 5232 (1968) provides that:

> In case of minors who are eligible for aid to the blind (or) minors 18 years of age and older who are eligible for aid to the permanently and totally disabled, payments will be subject to Federal participation if made to:
>
> (B) ... The parent or legal guardian of the minor...

HEW has thus interpreted the provisions regarding assistance to the blind under the Social Security Act to mean that any otherwise eligible person for blind assistance may not be denied benefits on the basis of their age and made provision to have those payments made to their parents until the individual was emancipated. The HEW regulations clearly provide that any person, regardless of age, is eligible for blind assistance under the Social Security Act. The court must therefore determine whether the HEW regulations concerning eligibility are consistent with the Act and its purposes.

The Social Security Act of 1935, 42 U.S.C. § 1201 *et seq.*, states the purpose of the Blind Assistance program as:

> For the purpose of enabling each state to furnish financial assistance, ... to needy individuals who are blind...

42 U.S.C. § 1201. The plain statutory language of this section does not indicate that Congress intended to restrict financial assistance to only blind individuals over the age of 18. Further, comparing the language of the companion section of the Social Security Act dealing with Aid to Permanently and Totally Disabled with that of Blind Assistance indicates that Congress did not intend such an age limitation. The statute dealing with aid to the disabled specifically states the purpose of the statute is to enable states to furnish financial assistance to "needy individuals eighteen years of age and older who are permanently and totally disabled..." 42 U.S.C. § 1351.

The language of both categorical assistance programs is similar except that the Disability Assistance statute clearly requires an individual to be 18 years of age, whereas the only requirement for receiving blind assistance is that an individual be needy and blind. This distinction is further evidenced by examining the respective sections containing the definition of terms used in the program. The definition of Blind Assistance is given as follows:

> For purposes of this subchapter the term "aid to the blind" means money payments to or ... medical care in behalf of, or any type of remedial care recognized under State law in behalf of, blind individuals who are needy ...

42 U.S.C. § 1206.

The corresponding section for Disability Assistance states:

> For the purposes of this subchapter the term "aid to the permanently and totally disabled" means money payments to, or

... medical care in behalf of, or any type of remedial care recognized under State law in behalf of needy individuals eighteen years of age or older who are permanently and totally disabled ....

42 U.S.C. § 1355.

The fact that there is no age requirement for Blind Assistance while there is an age requirement for Disability Assistance in two corresponding sections of the Social Security Act, further indicates that Congress had no intention of allowing such an age requirement in the Blind Assistance program.

The legislative history of the Blind Assistance section of the Social Security Act of 1935 also supports the interpretation that Congress intended that needy blind of all ages are eligible for blind assistance. The Social Security Act did not originally include a provision for blind assistance. Representative Jenkins of Ohio, however, introduced an amendment, "Title V Grants to States for Aid to Blind Individuals", to rectify this omission. Vol. 79, Congressional Record, p. 6042 (74th Cong., 1st Sess. 1935). The amendment Representative Jenkins introduced clearly included a statutory age requirement.

Definitions

§ 506 When used in this title—

(a) The term "blind individual" means blind person over the age of 16 and under the age of 65.

Congressional Record at 6043. This amendment was voted down by a vote of 54 to 100. Congressional Record at 6044. Subsequent to this, a Blind Assistance Act with the language "blind ... any age" was adopted. This language has never subsequently been altered. Clearly this would indicate Congress never has and does not intend to allow blind assistance to be limited by statutory age requirements. The actions of Congress in regard to Representative Jenkins' amendment and subsequent absence of any language about age limitation supplies the "absence of clear indication that Congress meant the coverage to be optional," which forms the heart of the *Townsend* doctrine.

It is thus clear that the statutes, 42 U.S.C. §§ 1201, 1206, federal regulation, 45 C.F.R. 30(b)(1)(iii), *Handbook* provisions, Part IV § 5232, and the legislative history all indicate that it has always been the intention of Congress and HEW to provide financial assistance to all needy individuals who are blind, regardless of age.

For the foregoing reasons, Indiana's statutes and regulations denying benefits to needy blind persons under the age of 18 years violate the Social Security Act and are invalid under the Supremacy Clause of the Constitution of the United States. Accordingly, plaintiffs' Motions for Summary Judgment are GRANTED and defendants' Motion to Dismiss or in the Alternative for Summary Judgment is DENIED.

SO ORDERED.